**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4187**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DANIEL TAYLOR,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:12-cr-00570-WDQ-1)

Submitted:  January 30, 2015          Decided:  March 2, 2015

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Lucius T. Outlaw, III,
Assistant Federal Public Defender, Baltimore, Maryland, for
Appellant. Rod J. Rosenstein, United States Attorney, Scott A.
Lemmon, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Taylor pleaded guilty to a one-count indictment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Taylor reserved the right to appeal from the district court's order denying his motion to suppress the firearm seized from his person during a traffic stop. On appeal, he argues that the traffic statute under which he was stopped was unconstitutional. He further contends that the district court made clearly erroneous findings of fact below. We affirm.

Taylor was a passenger in a vehicle that was stopped for excessive window tint. Under Maryland law, a person is prohibited from operating a vehicle if "there is affixed to any window of the vehicle any tinting materials added to the window after manufacture of the vehicle that do not allow a light transmittance through the window of at least 35%." Md. Code Ann., Transp. § 22-406(i)(1)(i) (2014) ("§ 22-406(i)" or "window tint statute"). Under the statute, a police officer who observes a vehicle in violation of the tinting statute may stop the vehicle, charge the driver with the misdemeanor offense, and issue a safety equipment repair order. Md. Code Ann., Transp. § 22-406(i)(2) (2014).

Taylor first argues that § 22-406(i) is unconstitutionally vague and therefore violates due process.

Taylor contends that the statute is without guidance so that the statute permits and encourages discriminatory enforcement by police officers. Taylor continues that, because the statute is unconstitutional and the Government and police officers did not put forward another ground for having reasonable suspicion to conduct a traffic stop, and the court made erroneous factual findings in concluding that the stop was supported by reasonable suspicion, the firearm should have been excluded. The Government moves to partially dismiss the appeal because Taylor's challenge to the constitutionality of the window tint statute was not preserved.

The clear terms of the plea agreement permit Taylor to file an appeal contesting the district court's order denying his motion to suppress. We find that the question of whether the constitutionality challenge was before the district court in defense counsel's argument is intertwined with the merits of his challenge to the court's suppression order and, thus, permits our review to determine whether the issue was sufficiently before the district court. We therefore deny the motion.

We next address whether Taylor waived his constitutionality challenge. It is a "settled rule" that this court will not consider issues raised for the first time on appeal absent exceptional circumstances. See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014). "Arguments raised in a trial

3

court must be specific and in line with those raised on appeal." Id. at 287. The argument is waived where the argument below was "too general to alert the district court to the specific [objection]." United States v. Bennett, 698 F.3d 194, 199 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013). "To preserve an argument on appeal, the [party] must object on the same basis below as he contends is error on appeal." United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014).

Taylor's motion to suppress was a bare motion without raising any specific objection. It did not cite the Maryland window tinting statute. The Government filed a responsive pleading, which did not address the constitutionality of the statute because it was not on notice that it was being challenged. At the motion hearing, Taylor did not request that the court find the statute unconstitutional. While Taylor did suggest during the hearing that police officers have unfettered and unconstitutional discretion in determining whether to initiate a stop based on violation of the statute, Taylor's counsel also specifically stated that he was not "challenging the constitutionality of window tinting as a basis for traffic stop[s] in general." (J.A. 88).

The district court's written memorandum opinion did not indicate that the constitutionality of the statute was before it or analyze the traffic stop on that basis. Taylor did

4

not move to reconsider based on the court's failure to address an argument allegedly raised at the motion hearing. Nor did counsel at any time identify which portion of the Constitution was violated by the statute. We determine that this kind of general argument, without any reliance on legal citation, was not intended as a constitutionality challenge, a fact enforced by counsel's admission that he was "not addressing the constitutionality of the window tinting." (J.A. 88). Based on the record before us, we conclude that Taylor has forfeited review of this issue.

The only remaining issue preserved for review before us is whether the district court properly credited Detective Williams' testimony regarding the tinting of the windows of the vehicle in which Taylor was a passenger. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We may reverse for clear error only if "left with the definite and firm conviction that a mistake has been committed." United States v. Wooden, 693 F.3d 440, 451 (4th Cir. 2012) (internal quotation marks omitted). Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). We defer to the

court's credibility findings.  United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009).

The "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  Whren v. United States, 517 U.S. 806, 810 (1996).  Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the vehicle. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993).  We conclude that the district court did not clearly err in finding that Detective Williams' testimony was credible.  Taking his testimony as true, it is clear that the detectives had reason to believe that the window tint was excessive, and the stop was therefore proper.

Accordingly, we deny the Government's motion to dismiss the appeal in part and affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED